# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FREDERICK LUSTER, on behalf of himself and all others similarly situated, | : : : : |
| Plaintiff, | : Civil Action File No. : : |
| v. | : : : |
| FIRST PREMIER BANK, a South Dakota state chartered bank, | : : : |
| Defendant. | : : |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Frederick Luster respectfully requests that, pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the Court certify this case as a class action for the following class of similarly situated persons:

**Class**: (i) all subscribers of cellular telephone numbers (ii) to whom Defendant made telephone calls (iii) using the system used in making calls to telephone number (404) 379-1970 (iv) in an attempt to collect FIRST PREMIER BANK credit card debt, (v) in the four-year period preceding the filing of this action; (vi) the following persons are excluded from the class: any person who provided his or her telephone number to Defendant and any person that had a relationship with defendant such that all calls arose from such transaction.

1

(Dkt. No. 1, Compl. ¶ 33.)  Plaintiff allegesa subclass of persons who received calls after having indicated to Defendant that calls should stop by informing the Defendant that they were calling the wrong number or asked that calls stop.  (Dkt. No. 1, Compl. ¶¶ 34-35.)  Plaintiff also requests that the Court appoint Plaintiff Luster as class representative, and Skaar & Feagle, LLP and Burke Law Offices, LLC as class counsel.

In further support of this motion, Plaintiff states as follows:

1.	In this case, Plaintiff seeks redress for the autodialed calls Defendant First Premier Bank made to the cell phones of Plaintiff and numerous other consumers without their prior express consent, in violation of Section 227(b)(1)(A)(iii) the Telephone Consumer Protection Act, and seeks statutory and injunctive relief on behalf of himself and the class.  (Dkt. No. 1, Compl. ¶ 1, p. 11.)

2.	The Telephone Consumer Protection Act, 47 U.S.C. § 227, and its associated regulations and FCC orders ("TCPA"), prohibits making any call to a cell phone using an automatic telephone dialing system or artificial or prerecorded voice.  47 U.S.C. § 227(b)(1)(A)(iii).  An "automatic telephone dialing system" regulated by the TCPA refers to any equipment with the capacity to dial numbers without human intervention, such as a predictive dialer.  *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd 14014, 14093, para. 133 (2003).  The TCPA

is, in effect, a strict liability statute. *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011) (citing *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008)). The statute creates a private right of action, affording both injunctive relief and the greater of actual damages or $500 per violation (*i.e.*, prohibited call), which can be trebled at the court's discretion based on "willfull[] or knowing[]" violations. 47 U.S.C. § 227(b)(3); *see also Alea London Ltd.*, 638 F.3d at 776 ("The TCPA does not require any intent for liability except when awarding treble damages.") (citing *Penzer*, 545 F.3d at 1311).

    3.    Numerous analogous autodialer class actions have been certified under the TCPA. *See, e.g., Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012) *cert. denied*, 133 S. Ct. 2361 (2013); *Kristensen v. Credit Payment Servs.*, 12-00528, 2014 WL 1256035, at *10 (D. Nev. Mar. 26, 2014); *Knutson v. Schwan's Home Serv., Inc.*, No. 12-0964, 2013 WL 4774763, at *11 (S.D. Cal. Sept. 5, 2013); *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 680 (S.D. Fla. 2013); *Silbaugh v. Viking Magazine Servs.*, 278 F.R.D. 389, 394 (N.D. Ohio 2012); *Balbarin v. N. Star*, No. 10-1846, 2011 WL 211013 (N.D. Ill. Jan. 21, 2011); *Mitchem v. Ill. Collection Serv., Inc.*, 271 F.R.D. 617, 619 (N.D. Ill. 2011).

4. Other TCPA class certifications abound. *See, e.g., Lozano v. 20th Century Fox Film Corp.*, No. 09-6344 (N.D. Ill. Nov. 17, 2012); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill., May 27, 2008); *Hinman v. M & M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 804 (N.D. Ill. 2008); *Travel 100 Group, Inc. v. Empire Cooler Serv., Inc.*, No. 03 CH 14510, 2004 WL 3105679 (Cir. Ct. Cook Cty., Ill. Oct. 19, 2004); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D. Wash. 2007); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006); *Display S., Inc. v. Express Computer Supply, Inc.*, 961 So. 2d 451 (La. App. 1st Cir. 2007); *Display S., Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind. App. 2003); *Nicholson v. Hooters of Augusta, Inc.*, 537 S.E.2d 468 (Ga. Ct. App. 2000).

5. At the time of the filing of this motion, discovery is still needed on the merits of class certification. *See Landsman & Funk PC v. Skinder-Strauss Associates,* 640 F. 3d 72, 93 (3rd Cir. 2011)[1] (recognizing in a TCPA case that

---

[1] The jurisdictional question which divided the *Landsman* court was ultimately decided by *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012) in favor of permitting Federal question jurisdiction.

4

"[i]n most cases, some level of discovery is essential to such an evaluation.")  This motion is being filed in order to comply with LR 23.1B, NDGa which requires this motion to be filed within 90 days of the filing of the Complaint.  This 90 day deadline runs prior to the deadline in Fed. R. Civ. P. 4 for the service of the Complaint in this action and operates to curtail or severely limit any discovery which may be taken prior to class certification.

6.     Plaintiff also files this motion at this early juncture to prevent any attempt to "pick off" the named plaintiff through an unaccepted Rule 68 offer of judgment or individual settlement offer. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-96 (7th Cir. 2011).  *Damasco* has not been adopted by the Eleventh Circuit, and plaintiff does not believe an unaccepted individual settlement offer would moot this case. *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162 (11th Cir. 2012) (rejecting *Demasco* in part and declining in footnote 8 to address the circuit split of whether an unaccepted offer of judgment can ever moot a case); *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948 (9th Cir. 2013) (an unaccepted offer of judgment cannot moot a class action).  Still, plaintiff believes it is prudent to file this motion now out of an excess of caution. Thus, Plaintiff requests that the Court set a briefing schedule sufficiently long so that Plaintiff may take additional

discovery and file a memorandum of law in support of this motion. Alternatively, the Court may enter and continue this motion.

7. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

8. <u>Numerosity</u>. There is no reason to purchase or use an automatic dialer other than to make a large volume of calls. Numerosity is satisfied.

9. Furthermore, given the nature of the alleged violations—*i.e.*, making automatically-dialed calls to Plaintiff and others—it is reasonable to infer that Defendant made impermissible robocalls to more than the 40 or so individuals necessary to satisfy numerosity. Joinder is therefore impracticable and Plaintiff satisfies the requirement of numerosity for certification purposes. Fed. R. Civ. P. 23(a)(1). Plaintiff requests sufficient time in order to obtain discovery on this issue.

10. <u>Common Questions Predominate</u>. There exist common questions of law and fact, which predominate over any individual questions. The class definition ensures that all of class members have identical claims, both factually and legally, and that there are common defenses available to Defendant for each class member. Fed. R. Civ. P. 23(a)(2) & 23(b)(3).

11. <u>Typicality</u>.  Similarly, Plaintiff's claims are typical of the other class members.   All of the claims are based upon a substantially identical set of facts and circumstances.  Fed. R. Civ. P. 23(a)(3).  Defendant used the same autodialer to call Plaintiff's cell phone as it used to call the cell phones of the other class members.  (Ex. 1, Compl. ¶ 33.)

12. <u>Adequacy</u>.  Plaintiff and counsel will fairly and adequately represent the class.  Plaintiff's interests in this litigation are aligned with those of the class, and he has hired counsel experienced in class action and consumer litigation.  *See* Fed. R. Civ. P. 23(a)(4).

13. <u>Defendant's Actions Applicable Generally</u>.  Defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves.  Defendant made autodialed calls to the cellular telephone of each class member.  Class-wide injunctive relief under Section 227(b)(3)(A) of the TCPA, along with corresponding declaratory relief, is therefore appropriate.  Fed. R. Civ. P. 23(b)(2).  All class members would benefit from the cessation of these annoying calls.

14. <u>Superiority</u>.  It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions.  Given the statutory nature of Plaintiff's claims, it is unlikely that many class members are even aware

that their rights have been violated.  Further, a class action is necessary to determine that Defendant's conduct is a violation of law and to redress the class members' statutory damages.  Fed. R. Civ. P. 23(b)(3).  The issue of whether the dialing equipment Defendant used to call the cell phones of Plaintiff and the class predominates over any individual issues that may arise.

15.     Because the prerequisites of Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) are satisfied, this Court should certify the class.  Plaintiff requests that the Court set a briefing schedule for this motion sufficient to permit time for service of the complaint, discovery, and the filing of a supplemental memorandum in support of this motion.

WHEREFORE, Plaintiff Frederick Luster respectfully requests that the Court certify this case as a class action as to the class defined herein, and appoint Plaintiff as class representative, and Skaar & Feagle, LLP and Burke Law Offices, LLC as class counsel.

Dated:  September 3, 2014                        Respectfully submitted,

                                              **SKAAR & FEAGLE, LLP**

                                  by:     */s/ Justin T. Holcombe*
                                        Justin T. Holcombe
                                        Georgia Bar No. 552100

jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 E. Ponce de Leon Ave., Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax


**BURKE LAW OFFICES, LLC**

Alexander H. Burke*
aburke@burkelawllc.com
Daniel J. Marovitch*
dmarovitch@burkelawllc.com
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
312 / 729-5288
312 / 729-5289 fax

* applications *pro hac vice* forthcoming

*Counsel for Plaintiff*